T. J. McQUAIG and ANNA I. McQUAIG, His Wife, *Appellants*, v. THE SEABOARD OIL COMPANY, a Corporation Under the Laws of Ohio, and OCALA SALES COMPANY, a Corporation Under the Laws of Florida, *Appellee*.

Division B.

Opinion filed July 19, 1928.

*Hampton & Greene* and *Parker & Parker*, for Appellants;

*Julian Hartridge*, for Appellees.

PER CURIAM.—In September, 1925, appellants and the Seaboard Oil Company entered into a certain contract, the salient features of which were that the Seaboard Oil Company agreed to build and equip a filling station on appellants' lands located on the Silver Springs road near Ocala, Florida, and to sell them (appellants) petroleum products at lowest dealers market prices for distribution in the territory where said filling station was located. The appellants agreed to use Seaboard Oil Company's petroleum

products exclusively for ten years in the station so constructed and to sign the usual agreement for that purpose.

In June, 1927, appellants entered into a contract with Ocala Sales Company to lease the said filling station and lot on which the same is located for a period of seven months, at a monthly rental of One Hundred and Fifty ($150.00) Dollars. In January, 1928, The Seaboard Oil Company filed its bill to restrain appellants or its agents from using the said filling station for any other use than the exclusive sale of its petroleum products as contemplated in the contract of September, 1925, as here referred to. A temporary restraining order was granted and a demurrer to the bill was filed. From an order overruling the demurrer and an order refusing to quash the temporary restraining order appeal was taken to this Court.

It is urged here that the contract of September, 1925, is void as being in restraint of trade, that the Seaboard Oil Company had an adequate remedy at law, that the said contract was one requiring continuous performance which could not be enforced, that the contract was lacking in mutuality and that no right of injunctive relief was shown.

We think that the contract here involved falls far short of embracing the elements necessary to hold it void as being in restraint of trade. It in no wise attempts to limit production or control or to fix the price in the market of the commodities embraced in it. It is reasonable in its terms and limited as to time, space and extent of trade. So far as we have been able to find no contract has been declared void in restraint of trade when so constructed. Lee v. Clearwater Growers Ass'n 93 Fla. 214, 11 So. R. 722, and cases cited.

Other assignments have been examined but are found to be without ample support in the record. We think that on

the showing made the Seaboard Oil Company had a right to the relief sought and that a court of equity was the proper forum in which to seek such relief. The decree of the chancellor is, therefore, affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.